AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)        ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
**5/8/2025**
CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California



FILED
CLERK, U.S. DISTRICT COURT
**5/8/2025**
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ER_____ DEPUTY

United States of America,
                    Plaintiff,

v.

Alex Quinonez-Xum,
                    Defendant

Case No.   2:25-MJ-02778-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Jose Cervantes-Zamora, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about March 13, 2021, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the U.S. Following Deportation or Removal |

This criminal complaint is based on these facts:

 *Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Jose Cervantes-Zamora*
Complainant's signature

Jose Cervantes-Zamora, Deportation Officer - ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        *May 8, 2025*

Judge's signature

City and state:   Los Angeles, California          Hon. Rozella A. Oliver, U.S. Magistrate Judge
*Printed name and title*

AUSA: John D. Ellis (x12468)

**AFFIDAVIT**

I, Jose Cervantes-Zamora, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for ALEX QUINONEZ-XUM ("QUINONEZ-XUM" or "defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER JOSE CERVANTES-ZAMORA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2021. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

4.    On or about March 13, 2021, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was in the custody of Los Angeles Sheriff's Department ("LASD").  On or about that day, the PERC lodged a DHS Immigration Detainer with the LASD.  Defendant is not currently in custody.

5.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.    I also know that when an individual is fingerprinted by ICE (or its predecessor agency, INS), the individual is issued a Fingerprint Identification Number ("FIN").  The FIN is then automatically associated with the individual's A-Number. In this case, defendant's fingerprints were assigned the FIN 1123523379, which was then linked to A-Number A200-146-870 based on prior fingerprints located in the DHS A-File bearing the number A200-146-870.

7.    On or about May 6, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with defendant's arrest on or about March 13, 2021, and I saw that the FIN associated with the IAQ was FIN 1123523379.  I thus

2

confirmed that the individual arrested on or about March 13, 2021, was defendant, a previously deported alien.

8.    On or about May 6, 2025, I obtained and reviewed DHS A-File A200-146-870 (the "DHS A-File"), which is maintained for the subject alien "ALEX QUINONEZ-XUM."  The DHS A-File contained the following documents and information:

a.    Photographs of the subject alien to whom the DHS A-File corresponded.  I compared the photographs in the DHS A-File to photographs taken at the time of defendant's booking into local law enforcement custody.  I thus determined that the DHS A-File and its contents corresponded to this defendant.

b.    One executed Warrant of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about November 10, 2011.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (or its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in the DHS A-File contained defendant's photograph, signature, and fingerprint.

c.    Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Guatemala.  These documents included an Order of the Immigration Judge dated October 20, 2011, ordering defendant removed to Guatemala.

3

d.    On or about May 6, 2025, I reviewed the printouts of ICE computer indices on defendant.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation found in the DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

9.    Based on my review of the DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

//

//

//

4

## IV. <u>CONCLUSION</u>

10.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 8th day of May 2025.

_____
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

5